IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>KENNETH NELSEN, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-4414 (JBS)<br><br>**OPINION** |

APPEARANCES:

Miguel Sanchez, Petitioner Pro Se
# 658041-262876
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

Patrick Daniel Isbill – Attorney for Respondents
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102

**SIMANDLE, District Judge:**

  I.   INTRODUCTION

    Before this Court is Petitioner Miguel Sanchez's *pro se* amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted of murder, possession of a weapon for an unlawful purpose and unlawful possession of a weapon. Petitioner received a life sentence with a thirty-year period of parole ineligibility. Presently pending is respondents' motion to dismiss the habeas petition due to untimeliness. For the following reasons, the motion to dismiss

will be granted and the habeas petition will be dismissed due to untimeliness.

## II. BACKGROUND

The factual background giving rise to petitioner's state conviction and judgment is as follows:

> Defendant and the victim briefly lived together in 1989 and 1990. He believed that the victim had given him a life-threatening disease and, in anger, kicked her in the midriff necessitating the removal of her spleen. In the early morning hours of November 2, 1991, the victim and her friends, after a night of drinking in Philadelphia, stopped at an after-hours store in Camden to pick up a six-pack of beer. Defendant was at the store. Someone called him an offensive Spanish term and the victim laughed at him. The victim and her friends then went to the victim's house at approximately 3:00 a.m. Defendant appeared at the house shortly thereafter. An argument ensued and defendant was seen brandishing a handgun. He pointed the gun at the victim but returned it to his waistband and they both walked away to talk. When the victim did not return within five minutes, her friends drove around looking for her. They saw an ambulance and discovered that the victim had been shot. She was dead on arrival at the hospital.
>
> It appears that defendant confessed to a friend in York, Pennsylvania, with whom he was staying after the murder, that he had shot the victim. The friend relayed such confession to the police and his statement was taped. At the trial, he claimed that he had made-up the story of the confession so that the police would leave him alone. When defendant was apprehended by the police, he made several incriminating statements to

>       them about his conduct concerning the
>       victim.

Docket Entry 8-5 at p.4.

After a jury trial, Petitioner was convicted of murder and weapons offenses. He was sentenced to life imprisonment on June 3, 1994. *See* Docket Entry 8-4. Thereafter, Petitioner filed an appeal to the Superior Court of New Jersey, Appellate Division. The Appellate Division affirmed the judgment and conviction on March 10, 1997. *See* Docket Entry 8-5 Petitioner did not seek certification from the New Jersey Supreme Court on direct appeal. *See* Docket Entry 8-16 at p.4.

On November 25, 2009, Petitioner filed a motion for a new trial in the Superior Court of New Jersey, Camden County, which was treated as a petition for post-conviction relief ("PCR"). *See* Docket Entry 8-6 & 8-27 at p.5. The PCR Court denied Petitioner's PCR petition on November 5, 2010. *See* Docket Entry 8-27. Petitioner appealed that decision to the Appellate Division which affirmed the denial of the PCR petition on December 3, 2012. *See* Docket Entry 8-16. Thereafter, Petitioner filed a petition for certification with the New Jersey Supreme Court. The New Jersey Supreme Court denied certification on Petitioner's PCR petition on February 4, 2014.

In July, 2014, this Court received Petitioner's *pro se* federal habeas petition. However, this Court administratively

terminated this matter because Petitioner had not filed his habeas petition on the proper updated form. *See* Docket Entry 2. Thereafter, Petitioner submitted an amended habeas petition on the proper form. *See* Docket Entry 3.

Petitioner raises three claims in his amended habeas petition, namely:

1. Petitioner's right to be present during the trial proceeding was violated.
2. Petitioner's right to effective assistance of counsel was violated due to counsel's waiver of his right to be present without his personal consent.
3. Trial counsel was ineffective for failing to present evidence of Petitioner's mental disease and defect.

On March 8, 2017, Respondents filed a motion to dismiss the habeas petition as untimely. Respondents attached a certification of service which indicates that they served their motion on Petitioner at his address of record. However, to date, Petitioner has not responded to the motion to dismiss.

### III. DISCUSSION

A. Statute of Limitations

The Appellate Division affirmed the judgment and conviction on direct appeal on March 10, 1997. Petitioner thereafter had twenty days to file a petition for certification to the New Jersey Supreme Court. *See* N.J. R. Ct. 2:12-3(a). Petitioner

failed to do so. Therefore, his judgment became final as of March 30, 1997.[1]

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as his judgment became final after AEDPA's enactment in April, 1996. AEDPA imposes a one-year time limit for a prisoner to bring a Section 2254 habeas challenge to his state conviction and sentence. *See* 28 U.S.C. § 2244(d)(1). That one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[1] March 30, 1997 was a Sunday. However, even if Petitioner would have had until the following day, Monday, March 31, 1997 to file his petition for certification to the New Jersey Supreme Court, this additional day would not make his federal habeas petition timely for the reasons described *infra*.

5

Petitioner did not file his federal habeas petition until July, 2014, or over seventeen years after his judgment became final. Accordingly, unless statutory tolling and/or equitable tolling save Petitioner's federal habeas petition, it is untimely.

B. <u>Statutory Tolling</u>

The filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[.]" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A timely PCR petition filed during the one year period will suspend its running; it will not, however, revive a one year period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in

6

any event, the limitations period had already run when it was filed."); *see also Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo* No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired ... none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

When Petitioner filed his PCR petition in November, 2009, statutory tolling was not available. The one-year federal habeas statute of limitations period had already expired over eleven years previously, in March, 1998. *See Long*, 393 F.3d at 394-95 (state habeas petition had no effect on tolling because limitations period had already run when it was filed).

C. <u>Equitable Tolling</u>

While statutory tolling does not make Petitioner's federal habeas petition timely, this Court must also consider whether equitable tolling should apply. A petitioner may be able to overcome a time bar if he can show a basis for equitable tolling. "Generally, a litigant seeking equitable tolling bears

7

the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

Petitioner has not met his burden in anyway whatsoever that equitable tolling should apply. As previously noted, Petitioner did not respond to Respondent's motion to dismiss his habeas petition due to untimeliness. No basis for such equitable tolling exists under any reasonable reading of the Petition.

As statutory tolling does not apply to make Petitioner's habeas petition timely, and Petitioner has failed to meet his burden to show that equitable tolling should apply to make his habeas petition timely, this Court will grant Respondent's motion to dismiss the habeas petition due to untimeliness.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons discussed above, Petitioner has not met this standard as his habeas petition is untimely. Therefore, a certificate of appealability shall not issue.

V. **CONCLUSION**

For the foregoing reasons, respondents' motion to dismiss the habeas petition as untimely will be granted. A certificate of appealability shall not issue. An appropriate order will be entered.


**December 20, 2017**                         **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                   U.S. District Judge